LEORA NICHOLS v. CONNECTICUT GENERAL INSURANCE COMPANY AND ANOTHER.

186 N. W. (2d) 190.

April 23, 1971—No. 41908.

*Carlsen, Greiner & Law, Wellington H. Law,* and *Jack D. Elmquist,* for appellant.

*Maslon, Kaplan, Edelman, Borman, Brand & McNulty* and *Stephen B. Swartz,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Plaintiff, widow of a deceased employee of defendant C. I. T. Financial Corporation, seeks benefits under a retirement plan pursuant to an option exercised by her husband. The trial court granted summary judgment for defendants and plaintiff appeals. We affirm.

Decedent Wendell W. Nichols had been an employee of C. I. T. Financial Corporation for 20 years when he was discharged on April 8, 1964. He then had a right to select an option under a retirement plan issued by defendant Connecticut General Insurance Company. On April 14, 1964, C. I. T. advised Nichols that he was entitled to a refund of his contributions, amounting to $1,699.42, plus interest, or could elect to receive an annuity beginning on his 65th birthday. Other options were also called to his attention. In the fall of 1964, he elected to receive a single payment equal to a lump-sum settlement of his retirement income. In giving the company notice of his election, he signed a form containing the following statement: "In any event this option shall not become effective if any payments fall due before 7-1-66," the first full month after his 55th birthday. On September 26, 1965, Nichols took his own life at the age of 54.

Plaintiff claims that under the terms of her husband's retirement plan she is entitled to a lump-sum settlement of approximately $16,000. Defendants, on the other hand, cite a provision of the plan which limits benefits to an employee's contributions, plus compound interest, if he dies before he is 55 years of age. The trial court found for defendants, holding that plaintiff was entitled only to the sum of $2,184.17 already tendered.

It is the contention of plaintiff that summary judgment was inappropriate since there were fact questions to be litigated, including a determination of what practice the industry followed in matters of this kind. Plaintiff relies for recovery on her construction of certain provisions

of the retirement plan. Under Section 7.4, a participant whose employment is terminated after he is 45 years of age and has at least 15 years of service is "entitled" to receive a retirement income. A lump-sum settlement in lieu of retirement income is an option available to a terminated employee under Sections 4.14 and 4.10. However, the section which the trial court found decisive was Section 1.37, defining "conversion date." It states, among other things, that "the Lump Sum Settlement in Section 4.10, shall not be prior to the attainment by the Participant of age fifty-five (55)." Section 4.10 states as follows:

"The Participant may elect that a Lump Sum Settlement in lieu of all Retirement Income be paid either to him upon his retirement or to his Beneficiary upon his death on or after the Conversion Date."

Plaintiff asserts that because her husband was terminated he was not a "participant."

Defendants, on the other hand, argue that Section 5 of the plan, dealing with death benefits, governs. Section 5(b) in effect provides that when a lump-sum settlement has been elected and the participant dies before the conversion date, the beneficiary will receive the contributions the employee made, plus compound interest.

As we read the retirement plan, Section 7 is designed to preserve for a terminated employee some of the benefits he would have received had he remained employed until retirement age. It would be illogical to construe the plan as giving a discharged employee a vested right not enjoyed by other employees. Reading Section 1.37, defining conversion date, together with Section 5(b), we think it clear that a terminated employee, as well as other employees, secures no vested rights unless he lives to the age of 55. This conclusion is fortified by the explanatory bulletin sent to Nichols at the time he was asked to exercise one of the options. That bulletin said, among other things:

"* * * Regardless of which option you select, in the event of your death *before* the option becomes effective, no payments will be made except for the return of any contribution you may have made while the Retirement Plan was contributory."

Consequently, we construe the plan to limit the option of securing a lump-sum settlement under Section 4.10 to those who attain the age of 55, whether then employed or discharged. Plaintiff calls our attention to no additional evidence which could be adduced at a trial on the merits to shed further light on the purpose and intention of the plan. It was therefore proper for the trial court to grant summary judgment

upon its consideration of the plan itself and the supporting documents presented in connection with the motion.

Affirmed.